RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 0 5 2015

JAMES N. HATTEN, Clerk
By _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |  |
|---|---|---|
| RICKY R. FRANKLIN | ) | Civil Action No: |
|  | ) |  |
| Plaintiff, | ) | **1:15-CV-0655** |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| FACEBOOK, INC., | ) |  |
|  | ) |  |
| Defendant | ) |  |
|  | ) |  |

## ORIGINAL COMPLAINT

NOW COMES the Plaintiff, RICKY R. FRANKLIN, by and through himself and

for his Complaint against the Defendant, FACEBOOK, INC., and Plaintiff states as

follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for actual and statutory damages arising out of and

relating to the conduct of Defendant, to include all of its affiliates, subsidiaries,

and/or related entities, as well as all persons and entities acting on behalf of

Defendants, including but not limited to FACEBOOK, INC., (hereinafter, FBI)

and, in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular

telephone without his prior express written consent within the meaning of the

TCPA. This is an action for actual and statutory damages for violations of the

Telephone Consumer Protection Act (hereinafter, "TCPA"), 47 U.S.C. section 227 *et seq.*[1]

2. O.C.G.A. 46-5-27(i) states that any person who has received more than one telephone solicitation within any 12 month period by or on behalf of the same person or entity in violation of subsection (c) or (g) of the code, may bring an action for such violation.

## JURISDICTION & VENUE

3. Jurisdiction arises under the TCPA, pursuant to 28 U.S.C. sections 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. RICKY R. FRANKLIN, (hereinafter, Plaintiff) is a natural person at all relevant times residing in county of Henry, State of Georgia.

6. Defendant FACEBOOK, INC., is a domestic company with a corporate office located at 1601 Willow Road, Menlo Park, California 94025.

7. At all relevant times, Defendant has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 et seq.

2

derived substantial revenue from services rendered in Georgia.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA) 47 U.S.C §227

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, inter alia, the use of automated telephone equipment, or "predictive-dialers", defined as equipment which "has the capacity...(a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers. 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10. According to findings by the Federal Communications Commission (FCC), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii).

3

solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. [3]

11. Defendant has sent out billions of unlawful text messages in violation of the TCPA. Be effectuating these unauthorized text message calls (also known as "SMS Messages"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies mobile spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such spam and such messages diminish cellular battery life, waste data storage capacity, and are an intrusion upon seclusion.

12. In order to redress these injuries, Plaintiff brings this suit under the TCPA, which specifically prohibits unsolicited voice and text calls to cell phones. Defendant FBI has sent unwanted text messages in a manner which violates the right of privacy of all consumers.

[3]Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

4

## A BRIEF OVERVIEW OF TEXT MESSAGING

13. In recent years, marketers who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and email have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

14. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 120-150 characters.

15. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

16. Unlike more conventional advertisements, SMS calls, and particularly wireless or mobile spam, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

17. Most commercial SMS messages are sent from "short codes" (also known as "short numbers"), which are special cellular telephone exchanges, typically only

5

five or six digit extensions, that can be used to address SMS messages to mobile phones. Short codes are generally easier to remember and are utilized by consumers to subscribe to such services such as television program voting or more benevolent uses, such as making charitable donations.

18. A short code is sent to consumers along with the actual text message and conclusively reveals the originator of the SMS message.

19. Text messages are "calls" within the context of the TCPA. See…Satterfield v. Simon & Schuster, Inc., 569 F.3d (9th Cir. 2009).


## ALLEGATIONS OF FACT

20. On or about 25 November 2014, Plaintiff purchased a cell phone from a local Metro-PCS store located in Morrow, Georgia.

21. Shortly after the Plaintiffs purchase, he began to receive text messages from a SMS or short code from "32665008". One such text message read: Sent on *Dec 20, 2014 at 1128hrs- "Today is Sara Glenn's birthday. Reply to post on her Timeline or reply 1 to post "Happy Birthday!"*

22. Confused and baffled, Plaintiff discovered that he was receiving text messages from someone or a Corporation that he does not know.

6

23. Plaintiff avers that he has received over One-hundred four (104) messages from short code 32665XXX up until the present day of 2015:

24. The FCCs Report and Order gave all Companies until October 16, 2013, to obtain "prior express **written** consent" before making a telemarketing call to a wireless number (either consumer or business) using an automated dialing system or an artificial or prerecorded voice, or before calling a residential line using such a voice to deliver the message." Further, the FCC interprets text messages to be "calls" under the TCPA, therefore, prior express written consent is required for both calls and texts.[4]

25. After October 2013 deadline, the Plaintiff received over 104 (One Hundred four) sms or text messages from Defendant FBI.

---

[4] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, (FCC Report and Order), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2012 WL 65485 (F.C.C.) (Feb 15, 2012).

## QUESTIONS OF LAW

26. Questions of law and fact include, but are not limited to, the following:

a. Whether Defendant's conduct is governed by the TCPA and O.C.G.A 46-5-27(i);

b. Whether the mobile spam sent by Defendant violated the TCPA and O.C.G.A 46-5-27(i);

c. Whether Defendants conduct was knowing and/or willful;

d. Whether Defendant is liable for damages and the amount of such damages.

## COUNT I-TCPA

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE ("TCPA"), 47 U.S.C. SECTION 227, ET SEQ.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Without prior express written consent, the Defendant FBI, contacted the Plaintiff over One-hundred four (104) times by means of automatic text messaging to a cellphone or pager in violation of 47 U.S.C. §227(b)(1)(A)(iii).

29. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call in violation of the statue, pursuant to 47 U.S.C. § 227(b)(3).

30. An award of all fees and costs incurred by Plaintiff.

8

## PRAYER FOR RELIEF COUNT I

a) Assessing against Defendant FBI, damages of $1,500 for each of the One-hundred four (104) violations of the TCPA found by the Court to have been committed by FBI, willfully and knowingly; if the Court finds FBI, has engaged in violations of the TCPA which are not willful and knowing, then assessing against FBI, damages of $500 for each violation of the TCPA, as provided by 47 U.S.C. §227;

b) Assessing against FBI, all costs incurred by the plaintiff; and

c) Awarding such other relief as justice and equity may require.

## COUNT II-VIOLATIONS OF O.C.G.A 46-5-27 (i)

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Without prior express written consent, the Defendant FBI, contacted the Plaintiff over One-hundred four (104) times by means of automatic text messaging to a cellphone or pager in violation of O.C.G.A 46-5-27 (i).

33. As a result of Defendant FBI violations of O.C.G.A 46-5-27 (i)., Plaintiff is entitled to an award of $2000.00 in statutory damages for each and every call in violation of the statute, pursuant to O.C.G.A 46-5-27 (i).

34. An award of all fees and costs incurred by Plaintiff.

9

## PRAYER FOR RELIEF- COUNT II

a) Assessing against Defendant FBI, damages of $2,000 for each of the One-hundred four (104) violations of the O.C.G.A 46-5-27(i), if found by the Court to have been committed by FBI, willfully and knowingly; if the Court finds FBI, has engaged in violations of the O.C.G.A 46-5-27(i)

b) As a result of Defendant FBI violations of O.C.G.A 46-5-27(i) Plaintiff seeks statutory damages for each and every call (text message) that violated the Georgia Statue;

c) Actual damages from the Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent behavior pursuant the TCPA;

d) A trial by jury on all issues so triable;

e) Such other and further relief as may be just and proper.

Respectfully submitted,

Ricky R. Franklin

708 Brambling Way

Stockbridge, GA 30281

(678-235-1290)

rrfrank12@hotmail.com

10